# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTIN MARKOWICZ,

        CIVIL ACTION NO. 15-cv-11212
   *Plaintiff*,      DISTRICT JUDGE LAURIE J. MICHELSON
v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

ROYAL OAK POLICE DEPARTMENT,
KORB, VON OCHTEN, HILL,
A & M TOWING YARD IMPOUND,
STANTON, KEVIN ISAACSON,
SPELLMAN, BOBEK,
STEINKE, and JAY LNU,

   *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS (Doc. 40)

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings, (Doc. 40), be **GRANTED**, and that Plaintiff's First Amended Complaint, (Doc. 9), be **DISMISSED WITH PREJUDICE**.

### II.   REPORT

#### A.   Introduction

Plaintiff is presently incarcerated at the Michigan Department of Corrections JCS Facility, and he filed this complaint on March 30, 2015 against Defendants Detective Von Ochten ("Von Ochten"), Sergeant Stanton ("Stanton"), Officer Isaacson ("Isaacson"), Officer Spellman ("Spellman"), Officer Bobek ("Bobek"), Officer Steinke ("Steinke"), Jay

1

LNU ("Jay"), Officer Hill ("Hill"), Officer Korb ("Korb"), A & M Towing Yard Impound ("the Impound"), and Royal Oak Police Department ("ROPD"). (Doc. 9). He alleges that his property was taken in violation of his due process rights. (Doc. 9 at 9-12).

Articulating the specifics underlying his complaint, Plaintiff contends that the ROPD used spike strips to deflate his tires and effectuate his arrest on September 30, 2013. (Doc. 9 at 2-3). His truck and the items therein were thereafter impounded in good condition. (*Id.*). He completed the "requisite [Property Release] form for [his] wife and a copy was not provided to [him] for his personal records." (Doc. 9 at 3-4). Although his "wallet, rings[,] bracelet, phone, ear[r]ings" were released to his wife, the ROPD refused to release his truck. (Doc. 9 at 4). Plaintiff alleges that his mother spoke with Von Ochten, who told her Plaintiff would have to sign a release to a family member. (*Id.*). Plaintiff drafted this release, marking his brother as the designated person for release. (*Id.*). The ROPD received this release. (Doc. 9 at 4-5).

After another week, Plaintiff contends that "Officer Karls" told his mother that his truck would be released after the investigation was over. (Doc. 9 at 6). Plaintiff, his family, and his lawyer made other unsuccessful attempts to contact Hill, Campbell, Von Ochten, and "Officer Karl" after this. (Doc. 9 at 7). But on December 14, 2013, ROPD informed Plaintiff's mother that his truck had been sold at an auction. (*Id.*).

For perspective, Plaintiff's alleged stolen property includes his truck, assorted tools, a leaf blower and vacuum system, bolt cutters, luggage, assorted jewelry, safety-deposit box keys, personal files, and his grandfather's Purple Heart medal from World War II. (Doc. 9 at 5-6).

**B.     Judgment on the Pleadings Standard**

Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movant clearly establishes that no material issue of fact requires resolution and that she is entitled to judgment as a matter of law. *See Beal v. Missouri Pacific R.R.*, 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518. The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion to dismiss. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C.*, 477 F.3d 383, 389 (6th Cir. 2007).

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has further explained that courts need not accept as true conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

When evaluating a motion for judgment on the pleadings, a court may consider: (1) "documents referenced in, or attached to, the complaint and central to the plaintiff's claims"; (2) "matters of which a court may properly take notice"; and (3) "public documents and records." *Sampson v. Blue Cross Blue Shield of Mich.*, 997 F. Supp. 2d 777, 780 (E.D. Mich. 2014) (citations omitted).

**C.     Analysis**

"Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney." *Lawson v. Williams*, No. 11-11163, 2012 WL 5267903, at *4 (E.D. Mich. Sept. 26, 2012). Plaintiff's complaint suggests that he "was deprived property without due process of law." (Doc. 9 at 9) (capitalization corrected). Indeed, taken together, his pleadings only meaningfully describe an alleged Fourteenth Amendment property deprivation without due process.

Resolving a Fourteenth Amendment procedural due process claim involves two inquiries: first, whether the plaintiff was deprived of a life, liberty, or property interest; second, whether, if there was a deprivation, it contravened notions of due process. *Accord Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). In the case of a property interest deprivation, Sixth Circuit precedent enables a section 1983 plaintiff to prevail "by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a 'random and unauthorized act' causing a loss for which available state remedies would not adequately compensate the plaintiff." *Warren v. City of Athens*, 411 F.3d 697, 709 (6th Cir. 2005) (quoting *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991)).

Plaintiff does not seem to assert that any state procedures violated his due process rights, per se—rather, he suggests that Defendants misbehaved and lied to Plaintiff and his family while fabricating information to abuse acceptable constitutional procedures. For this

reason, Plaintiff's target should be characterized as a random and unauthorized act instead of an established state procedure.

Where the state is "unable to provide predeprivation process because of the random and unpredictable nature of the deprivation," an intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Mudge v. Macomb County*, 458 Mich. 87, 98-99 (1998); *accord Reed-Bey v. Lewis*, No. 13-10168, 2014 WL 765048, at *4 (E.D. Mich. Feb. 26, 2014) (discussing *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)). As Defendants astutely note, the "proper remedy for recovery of property seized as evidence in a criminal case is to file a motion in the trial court for return of property," and Plaintiff makes no mention of any inadequacy in that available process. *Schoonover v. Merrelli*, No. 08-10072, 2008 WL 624064, at *1 (E.D. Mich. Mar. 6, 2008); s*ee* also *Int'l Metal Trading Inc. v. City of Romulus*, 438 F. App'x 460, 463 (6th Cir. 2011) ("While it is true that there is no exhaustion requirement under § 1983, plaintiffs must nevertheless show that the process available under Michigan law is inadequate. In this case, plaintiffs have not addressed the adequacy of the state's post-deprivation tort scheme at all."). Even if Plaintiff is unsuccessful in utilizing the process, as long as the process is adequate, Plaintiff has no constitutional claim. *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004) ("[A]n adequate post-deprivation process does not require a favorable result for the claimant."). On these grounds, Plaintiff's complaint should be dismissed as to all officers.

With respect to the remaining defendants—the Impound, Jay, and ROPD—none are subject to suit on these facts. Indeed, ROPD is an organ of the state, and thus not an

6

appropriate defendant in a section 1983 suit. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[U]nder Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). In any case, Plaintiff's failure to properly plead an underlying procedural due process violation absolutely precludes any finding of City liability. As to the Impound and Jay, Plaintiff pleads insufficient facts to suggest that either acted "under color of any statute, ordinance, regulation, custom, or usage" in coordinating with the police to hold the evidence; as such, they are not liable under section 1983. *See Wilson v. Beebe*, 770 F.2d 578, 582 (6th Cir. 1985) ("Section 1983 is implicated only when the acts of a defendant under color of state law violate rights protected by the Constitution or laws of the United States."); *cf. BPNC, Inc. v. Taft*, 147 F. App'x 525, 532 (6th Cir. 2005) ("[Plaintiff] has not asserted that any of [the Governor's wife's] statements were made pursuant to a specific law, nor does the complaint allege that her actions are attributable to the Governor's office. 'It must be demonstrated that the State is intimately involved in the challenged private conduct in order for that conduct to become attributable to the state for purposes of a § 1983 action.'" (citing *Bier v. Fleming*, 717 F.2d 308, 312 (6th Cir. 1983))).

Dismissal with prejudice is appropriate because it does not appear that Plaintiff can allege that state law provides no remedies for the conduct he describes. *Accord Porter v. City of Detroit*, 639 F. Supp. 589, 593 (E.D. Mich. July 3, 1986) ("[W]here the plaintiff alleges that the defendant's action[s] were random and unauthorized. . . . [plaintiff] would have to show that the post-deprivation remedies provided by the state are inadequate. . . .

7

In this case, plaintiff has not made such an allegation, nor does it appear that she could.") (internal citations omitted); *cf. Victory v. Walton*, 721 F.2d 1062, 1065 (6th Cir. 1983) ("So long as a state's damage remedies are not shown to be inadequate in theory or practice-that is, so long as there is no systemic problem with the state's corrective process-we see no purpose to be served by further complicating section 1983 liability for damages in property cases by distinctions grounded in different types of intent, negligence and strict liability. . . . Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials.").[1]

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings, (Doc. 40), be **GRANTED**, and that Plaintiff's Amended Complaint, (Doc. 9), be **DISMISSED WITH PREJUDICE**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections

---

[1] Nor would Plaintiff be able to transform his section 1983 procedural deprivation claim into a Fifth Amendment taking for public use. *Cf. Victory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) ("Here the plaintiff has sued not the government but two individuals for damages in connection with the detention of property. It has not sued the state or a state agency for a taking 'for public use.' . . . The wrongful 'taking,' detention or theft by an individual of the property of another is not a constitutional 'taking' as that term has been defined by the fifth amendment and commonly understood by the courts.").

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 8, 2016                               S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Martin Markowicz at 19340 Beech Daly Rd., Apt. 103, Redford, MI 48240.

Date: December 8, 2016                        By s/Kristen Castaneda
                                                             Case Manager